```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :     17cv4297(DLC)
WILLIAM AUSTIN LEWIS, IV, LEWIS      :
ASSET MANAGEMENT, LEWIS OPPORTUNITY  :     MEMORANDUM
FUND,                                :     OPINION & ORDER
LP, and WILLIAM A. LEWIS DEFINED     :
PENSION PLAN AND TRUST,              :
                         Plaintiffs, :
                                     :
              -v-                    :
                                     :
CALMARE THERAPEUTICS, INC., CONRAD   :
F. MIR, PETER BRENNAN, RUSTIN        :
HOWARD,                              :
and CARL O'CONNELL,                  :
                         Defendants. :
                                     :
-------------------------------------X
```

APPEARANCES

For the plaintiffs:
Daniel A. Schnapp
Ernest Edward Badway
Catherine A. Savio
Fox Rothschild LLP
101 Park Avenue, 17th Floor
New York, NY 10178

For the defendants:
Amory W. McAndrew
Fredric S. Newman
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016

DENISE COTE, District Judge:

On February 13, 2018, defendants Calmare Therapeutics, Inc. ("Calmare"), Conrad F. Mir, Peter Brennan, Rustin Howard, and Carl O'Connell moved for leave to amend their answer to assert a new affirmative defense and four counterclaims against

plaintiffs, and for leave to file a third-party complaint impleading Stan Yarbro and asserting claims for indemnification, contribution, and breach of fiduciary duty against him.  For the following reason, the defendants' motion is denied as to the counterclaims and third-party complaint, and granted as to the affirmative defense of failure to mitigate damages.

## Background

Plaintiffs William Austin Lewis, IV and three investment entities controlled by him filed this action on June 7, 2017, bringing claims against Calmare and four of its directors.  The complaint principally alleges that plaintiffs invested large sums in Calmare and that their investments were damaged by the defendants' mismanagement of the company.  The complaint alleges breach of fiduciary duty, securities fraud, conversion, breach of contract, breach of the duty of good faith and fair dealing, and corporate director misconduct.  Defendants filed their answers on August 10, 2017.

A pretrial conference was held on September 15, 2017, at which time the parties agreed to a schedule for discovery and dispositive motions.  The schedule was extended on October 27 after counsel for the defendants withdrew.  Pursuant to an October 27 Order, fact discovery will close March 23, 2018, and

the parties will either file motions for summary judgment or a joint pretrial order by April 13, 2018. On February 5, the parties requested an extension of the schedule, which was denied.

Defendants moved to amend their answer and to file a third-party complaint on February 13, 2018. They seek to add an affirmative defense of failure to mitigate, to assert counterclaims of defamation, aiding and abetting a breach of fiduciary duty, and violations of the Securities Exchange Act of 1934. They also seek to implead Yarbro, a former director of Calmare, and assert claims of contribution, indemnification, and breach of fiduciary duty against him. Plaintiffs filed their opposition to this motion on February 22, and the motion became fully submitted on February 27.

## **Discussion**

Motions to amend may be denied due to "futility, bad faith, undue delay, or undue prejudice to the opposing party." Kim v. Kimm, No. 16-2944, 2018 WL 1054751, at *5 (2d Cir. Feb. 27, 2018). A proposed amendment is "futile when it could not withstand a motion to dismiss." F5 Capital v. Pappas, 856 F.3d 61, 89 (2d Cir. 2017) (citation omitted).

Plaintiffs do not address defendants' proposed affirmative

3

defense that plaintiffs failed to mitigate damages.  As a result of the lack of opposition, defendants' motion to amend their answer to include this affirmative defense is granted.

Defendants' motion is denied, however, as to the proposed counterclaims and third-party complaint, on the independent grounds of undue delay and futility.  The proposed amendments are unduly delayed because they seek, shortly before the close of fact discovery, to assert claims the underlying facts of which were known to defendants before they filed their original answers.  The proposed counterclaims are based on Lewis's actions "in the business community," his relationship with non-party Yarbro, and the plaintiffs' acquisition of Calmare shares. The proposed third-party complaint is based on Yarbro's conduct before his termination as a director of Calmare.  The relevant events took place well before the defendants filed their initial answers, and the defendants provide no adequate explanation for why they did not file their amended pleadings earlier. Defendants have accordingly failed to carry their burdens of showing why amendment is warranted at this late stage.

A second, independent ground for denying defendants' motion to amend their answer is that the proposed counterclaims would not survive a motion to dismiss, and thus amendment would be futile.  To state a claim of defamation under New York law, a

4

pleading must specify the allegedly defamatory statements as well as to whom the statements were made.  See Tannerite Sports, LLC v. NBCUniversity News Grp., a division of NBCUniversal Media, LLC, 864 F.3d 236, 245 (2d Cir. 2017).  The proposed amended answer alleges simply that Lewis "willfully and intentionally made false statements attacking the integrity of Calmare."  This falls short of pleading particular defamatory statements.

To state a claim of aiding and abetting a breach of fiduciary duty, a pleading must allege "that the defendant knowingly induced or participated in [another's] breach" of fiduciary duty.  Krys v. Pigott, 749 F.3d 117, 128 (2d Cir. 2014) (citation omitted).  The pleading must include "the events which [the party] claim[s] give rise to an inference of knowledge."  Id. at 129 (citation omitted).  Regarding Lewis's knowledge, the proposed amended answer relies solely on "the drafting of the Complaint" because "nearly two pages are devoted to Yarbro's termination."  On this basis, defendants assert that "[t]he alliance between Yarbro and Lewis is evident."  The inclusion of the termination of Yarbro's directorship in the complaint is not legally sufficient to support the inference that Lewis had knowledge of a breach of fiduciary duty by Yarbro.  As a result, the amended answer fails to state a claim

5

of aiding and abetting a breach of fiduciary duty.

Lastly, the proposed amended answer fails to state a claim of violations of Section 16(b) or Section 13(d) of the Securities Exchange Act of 1934. Calmare's public SEC filings, of which the Court takes judicial notice, foreclose the allegation that either (a) plaintiffs traded any Calmare stock, or (b) plaintiffs failed to disclose the acquisition of beneficial ownership of five percent or more of Calmare's common stock. This is because Calmare's most recent Schedule 14A filing correctly discloses that plaintiffs have beneficial ownership of 9,792,989 shares of Calmare stock, the amount all parties agree they possess. Further, Calmare's 10K filings specifically list plaintiffs as beneficial owners of more than five percent of Calmare's stock, which defeats the allegation that plaintiffs did not disclose this ownership.

## **Conclusion**

The defendants' February 13, 2018 motion to amend their answer and to file a third-party complaint is denied as to the

counterclaims and third-party complaint and granted as to the affirmative defense of failure to mitigate.

Dated:    New York, New York
          March 1, 2018

                                  _____
                                        DENISE COTE
                                  United States District Judge